UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALLEN CURTIS, | ) | CASE NO. 1:09 CV 1714 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY | ) | AND ORDER |
| PROSECUTOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Allen Curtis filed this action under 42 U.S.C. § 1983 against the Cuyahoga County Prosecutor, and the Cuyahoga County Sheriff. In the complaint, plaintiff alleges that the state court lacked jurisdiction to adjudicate him as a sexual predator and therefore also lacked jurisdiction to incarcerate him for failing to register his address. He seeks monetary and injunctive relief.

**Background**

Mr. Curtis was convicted of rape, burglary, and felonious assault in December 1983. He was sentenced to 38-90 years incarceration. On March 11, 1997, pursuant to Ohio Revised Code § 2950.09, Ohio's version of Megan's Law, Mr. Curtis was adjudged to be a sexual predator by the court that originally imposed sentence upon him. He was informed by the court at that time that he would be required to provide a DNA sample, and to register his address with the county

sheriff for the remainder of his life.  Mr. Curtis filed an Appeal of that decision on April 8, 1997.  The Appeal was dismissed on May 8, 1997.

On October 3, 2006, a warrant was issued for Mr. Curtis's arrest on an indictment from the Cuyahoga County Court of Common Pleas for failing to verify his address and failing to notify authorities of a change of address.  He entered a guilty plea to the charges on December 22, 2006 and was sentenced on January 22, 2007 to three years incarceration and three years post release control.  He appealed that decision on February 8, 2007.  The judgment of the Court of Common Pleas was affirmed on March 20, 2008.

Mr. Curtis now challenges the March 11, 1997 sexual predator judgment.  Specifically, he states that the Common Pleas Court cited Ohio Revised Code §2950.09(b) as the basis for its finding.  He claims this section applied only to persons convicted of sexual offenses after January 1, 1997.  He asserts the court should have cited Ohio Revised Code §2950.09(c), which he claims applied to persons convicted of sexual offenses prior to January 1, 1997.  He contends that because of this citation error, the trial court lacked jurisdiction to adjudge him to be a sexual predator, and could not order him to verify his address every 90 days, or provide notice of a change of address.  He asks this Court to declare his adjudication as a sexual predator to be "illegal."  Similarly, he contends that because Ohio's version of the Adam Walsh Act ("AWA") applies only to previously adjudicated sexual predators and sexual offenders, and people currently serving a prison term for a sexually oriented offense, he has been unlawfully classified under the AWA.  Finally, Mr. Curtis asserts that his adjudication as a sexual predator violated the prohibition against the enactment of ex post facto laws.  He seeks an order enjoining the State of Ohio from requiring him to register as a sex offender and removing any such designation from his record.  In

addition, he seeks $ 25,000.00 in damages.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

As an initial matter, Mr. Curtis's challenge to the March 11, 1997 sexual predator adjudication is untimely. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). The alleged erroneous judgment was entered in 1997. This action was filed in 2009, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this claim to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Moreover, it appears Mr. Curtis is attempting to collaterally attack his current conviction and sentence by challenging his initial declaration as a sexual predator. A prisoner may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Curtis is currently incarcerated on a conviction for failing to verify his address and notify authorities of a change of address as he was required to do as a sexual predator. If he is successful in overturning his adjudication as a sexual predator, it would definitely call into question the validity of his current conviction and incarceration. To proceed with this cause of action, Mr. Curtis must allege his continued confinement was declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so and his claims must therefore be dismissed.

Mr. Curtis's ex post facto challenge to the validity of Ohio's version of Megan's Law is moot. The Adam Walsh Act ("AWA"), enacted on June 30, 2007, amended Chapter 2950 of Ohio's Revised Code. The amendments affected the classification scheme and the attendant address registration, community notification and residency restriction requirements. The AWA now classifies offenders as "Tier I", "Tier II", and "Tier III." An offender's classification turns solely on the offense of conviction. The offender's risk to the community and likelihood of re-offending are not taken into consideration.

Mr. Curtis asks this Court also to declare the AWA to be unenforceable against him "because the Ohio Attorney General does not have the jurisdiction to reclassify Plaintiff and impose

4

new registration obligations pursuant to R.C. 2950.031 and 2950.032 because Plaintiff has not legally registered a place of residence, employment, etc...pursuant to Chapter 2950 of the Ohio Revised Code and is not currently serving a prison term for a sexually oriented offense." (Compl. at 4.) This claim is based once again on his challenge to the validity of the initial determination that he is a sexual predator. As noted above, the statute of limitation has expired for asserting this challenge and even if it were timely, it would be barred by the doctrine set forth in Heck.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Dated: December 30, 2009            s/    *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.